Petition for a Re-hearing.
The counsel for and on behalf of the defendants, respectfully present the following grounds for a re-hearing of this cause, or a. modification of the opinion.
It is admitted by the answers of Brewer and White-neck and wife, that the tract of land was heavily incumbered at the time of Simon Vanarsdale’s death, on account of the purchase money not having been paid. The amount due upon the land, seems to be, as appears in the settlement of Brewer with the County Court, one thousand six hundred and eighty seven dollars sixty cents, without interest. The land sold for two thousand four hundred dollars, in three equal annual instalments.— Consequently, more than two thirds of the proceeds of the land had to be applied to the payment of the purchase money, or else the proceeds of the personal estate must have been so applied; which.would have been in *209 sufficient to have discharged the same, and in that event-, the widow would have had no-éstate beyond her interest in the proceeds of the real estate. To obviate this difficulty, the Court below decreed that the proceeds of the sale .of the real estate should be applied to the payment of the balance of the purchase money, giving to the widow, in lieu of dower, one third of the proceeds of the personal estate, after the payment of the ordinary debts, amounting to four hundred and eighty three dollars seventy eight cents.
This Court, by their opinion, has decided that the widow was entitled to' dower in the land, or one third of the net avails of the sale of the land, during her life, without making any suggestion in relation to the four hundred and eighty three dollars seventy eight cents which she' has received from the personal estate, by virtue of the decree below, which is now final by the lapse of time, unless now corrected.
As to the allowance to Brewer, as administrator and guardian, the decree below shows two sums as allowed him-^-the one for eighty five dollars, as administrator, the other for the sum of one hundred and twenty dollars, as guardian; which is five per cent, upon the moneys by him received and disbursed. , It is again submitted to the Court, whether the allowance ought to be increased beyond that sum, unless there was evidence of extraordinary trouble and expense.
The counsel would here add that, if the guardian had made his annual return, as required by law, so as to turn the interest into principal, it would have increased the -amount due said heirs very far beyond what they will otherwise receive.
It is admittéd by the Court, that the .land was sold for par money; consequently the heirs were entitled to the same kind of money from their guárdian, who it is presumed, had a full knowledge of what was justly due them. A payment, then, by him, in a depreciated currency, much less valuable than that which they were legally entitled to, ought to be regarded, in the opinion of the counsel, as constituting a legal fraud upon his wards; But, in the absence of any proof showing that *210 they had a knowledge of their rights, will the mere circumstance of their receiving depreciated paper, authorize a presumption that they done so freely and voluntarily, with a full knowledge of their rights? Nothing could be more easy than to practice a deception by their guardian saying to them, he had received it, in part of their estate, without at the same time informing them he 'had received that which he was not bound to receive.-
The counsel presumes that this Court intends to direct the inferior court to make.such decree as an inspection of the record will justify. With that view, they will respectfully call the attention of the Court to an item of two hundred and fifty dollars contained in the deposition of Cornelius Covert: (see record, page 106.) It is there stated that deponent’s father owed the estate of Simon Vanarsdale the sum of two hundred and fifty dollars, which Daniel A. Brewer received in the year 1819, by deponent giving him a credit upon one of the notes which he held upon the estate of said Simon Vanarsdale, as part of the price of the land which had been purchased by said Vanarsdale, and afterwards sold by Brewer. This sum was never accounted for by Brewer, nor was it noticed -or allowed in the decree of the Court below; but for which the defendants in error now ask the decree of this Court.
The counsel submit to the Court the propriety of either re-hearing the cause, or modifying their decree, as they may choose themselves.
Samuel Daveiss, .

A tty. for Bef'ts in Error.

Note. — Whiteneck and Wife are defendants in the writ of error, as well as in the inferior Court, and have not asked a reversal of the decree below. The counsel would respectfully ask the Court, if it is proper to modify the decree of the inferior court (in their favor) further than to do justice to Brewer? Ifid this Court intend that the widow (now Mrs. Whiteñeck,) should receive all the rent of the land previous to the sale, or only so much thereof, as Brewer had paid her, and which the Court below disallowed?
Samuel Daveiss.
April 26.
Response.
1. The opinion and mandate show clearly that the widow’s interest in the proceeds of the sale of the land, should be only the use for life, of one third of the sum remaining after deducting from t-he gross amount of sale, what had been paid out of it for the land; and therefore,, there seems to be no necessity for any modification for the purpose of making the 'opinion more specific.
2. As no reason was shown for surcharging or falsifying the allowance made by the County Court to Brewer, as administrator and guardian, we still adhere to the opinion thafthe reduction of that allowance by the Circuit Court was unauthorized and erroneous.
3. As the guardian had, in good faith, received^Commonwealth paper for the land, and Stagg and Vanarsdale had therefore received the like paper from- him, at its nominal value, we still feel well satisfied that, as to that payment, there being no ground for presuming fraud, ignorance or delusion, there should be no reclamation, or charge.
4. The note for two hundred and fifty dollars, mentioned in the petition, having been, as we infer from the record, charged against Brewer, both in the County Coui’t settlement and by the decree of the Circuit Court,, he was certainly entitled to a credit for the wholeamountiie paid for the land, and it would not be right to charge him again with that two hundred and fifty dollars. Moreover, no claim is made in the record, to any further account or settlement as to that item.
Wherefore the petition for' a rehearing is overruled»